UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL J. DENNIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:14-cv-00230-WTL-WGH |
| ) | |
| SGT. LOVETT, B. PAIR, ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

**I.**

Michael Dennis filed an amended complaint in this action on November 17, 2014, contending that his Eighth Amendment rights were violated by the defendants when they allegedly committed excessive force upon him on October 19, 2014, while they were in the process of handcuffing him. [dkt. 13, p. 2]. The defendants move for summary judgment arguing that Mr. Dennis failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit.

**Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

**Discussion**

A. *Undisputed Facts*

At all times relevant to his complaint, Mr. Dennis was confined by the Indiana Department of Correction ("IDOC") at the Putnamville Correctional Facility ("Putnamville"). The IDOC has an Offender Grievance Process which is intended to permit inmates to resolve concerns and complaints relating to their conditions of confinement prior to filing suit in court. As an inmate at Putnamville, Mr. Dennis had access to the Offender Grievance Process. Copies of the Offender Grievance Process are posted throughout Putnamville, including the law library.

The Grievance Process consists of three steps. It begins with the offender contacting staff to discuss the matter or incident subject to the grievance and seeking informal resolution. If the offender is unable to obtain a resolution of the grievance informally, he may submit a formal grievance to the Grievance Officer of the facility where the incident occurred. If the formal written grievance is not resolved in a manner that satisfies the offender, he may submit an appeal. Exhaustion of the grievance procedure requires pursuing a grievance to the final step. A grievance must be filed within twenty (20) working days from the date of the alleged incident. Grieveable issues includes actions of individual staff. [dkt. 41-1].

The IDOC's grievance records for Mr. Dennis reflect that he filed two formal grievances while he was incarcerated at the Pendleton Correctional Facility in 2008. Neither of the formal grievances Mr. Dennis filed involve a complaint regarding facility staff using excessive force upon him. [dkt. 41-3]. None of those grievances related to the allegations raised in the Complaint.

B. *Exhaustion*

The defendants argue that Mr. Dennis failed to exhaust his available administrative remedies as required by the PLRA with respect to his claims against them.

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(*quoting Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140 (1992) ("Where Congress specifically mandates, exhaustion is required.").

C. *Discussion*

The defendants have shown that Mr. Dennis failed to avail himself of all administrative

remedies before filing this civil action. Mr. Dennis does not dispute this. Instead, Mr. Dennis filed a document titled "Plaintiff's Disagreement with Court's Reasoning" on April 3, 2014. [dkt. 44]. Mr. Dennis' filing fails to include the section labeled "Statement of Material Facts in Dispute" as required by Local Rule 56-1. Nonetheless, in the April 3, 2014, filing, Mr. Dennis contends that the IDOC Offender Grievance Process does not have a mechanism for an inmate to file battery charges against IDOC staff. To the extent his statement regarding filing battery charges against IDOC staff can be understood as an argument that the completion of the grievance process should be excused, this argument is unavailing. A battery by IDOC staff is contemplated by the Offender Grievance Process when it includes "conduct by individual staff" as a grievable offense. Whether or not Mr. Dennis is able to pursue a criminal complaint against the defendants is irrelevant in this civil action. The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 122 S. Ct. 983, 992 (2002). Exhaustion of administrative remedies is mandatory and not subject to futility or inadequacy exceptions. *See Booth*, 532 U.S. at 741.

Mr. Dennis also argues that grievance specialist Chris Williams failed to adequately respond to his grievance. [dkt. 44, at p. 13]. He attached to the April 3, 2015, filing, a copy of an offender complaint dated February 18, 2015. The offender complaint is step one of the grievance process. The attached offender complaint discusses the alleged excessive force inflicted on Mr. Dennis by the defendants. The filing of the this offender complaint is dated after the date Mr. Dennis filed his amended complaint on November 17, 2014, and nearly five months after the date of the alleged use of excessive force by the defendants on October 19, 2014. A grievance must be filed within twenty (20) working days from the date of the alleged incident.

Post-filing exhaustion of administrative remedies does not establish compliance with the requirements of the statute. See *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004) ("Ford's real problem . . . is timing. Section 1997e(a) says that exhaustion must precede litigation. 'No action shall be brought' until exhaustion has been completed. . . . And these rules routinely are enforced . . . by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending . . . . To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until those efforts have run their course.")(internal citations omitted).

On September 28, 2015, Mr. Dennis filed a response in opposition to motion for summary judgment. In his response, Mr. Dennis states that he exhausted his administrative remedies by filing a formal grievance with the Final Reviewing Authority Charles Penfold, but does not indicate when he filed this formal grievance. Mr. Dennis states that the issue of review in the formal grievance is the inadequate record keeping of medical records by staff at Putnamville, which is unrelated to the claim of excessive force in this action.

Mr. Dennis does not identify any evidence that would preclude the conclusion that he failed to exhaust his administrative remedies in his claim of excessive force against Sgt. Lovett and B. Pair.

It is therefore undisputed that Mr. Dennis failed to exhaust his available administrative remedies as required by the PLRA before filing this lawsuit. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Dennis' action should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## Conclusion

The defendants' motion for summary judgment [dkt. 41] is **granted**. Judgment consistent with this Entry shall now issue.

The plaintiff's motion to correct errors [dkt. 67] is **denied as moot**.

The defendant's motion to strike the response in opposition to summary judgment [dkt. 71] is **denied**.

The plaintiff's motion for discovery [dkt. 76] is **denied** as moot.

**IT IS SO ORDERED.**

Date:  11/24/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Electronically registered counsel

Michael Dennis
626 North Alabama Street
Indianapolis, IN 46204